RAY H. CLINE, Appellee, v. IOWA STATE LIVE STOCK INSURANCE COMPANY et al., Appellants.

**INSURANCE: Reformation of Policy—Mutual Mistake—Evidence.**
1  Record reviewed, in an action to reform a policy of insurance as to the date when the policy became effective, and held insufficient to show mutual mistake.

**INSURANCE: Construction of Policy—Waiver.** The execution of an
2 · application for insurance with the express mutual agreement that the insurance should commence *forthwith* is a clear waiver of a printed clause in the policy to the effect that the insurance should not commence *until the policy was delivered.*

**INSURANCE: Application—Failure to Attach Copy.** The statutory
3  requirement (Sec. 1741, Code, 1897) that an application for insurance is unprovable by the insurer unless a true copy thereof is attached to the policy refers solely to *representations* by the insured.

*Appeal from Marion District Court.*—H. S. DUGAN, Judge.

MARCH 13, 1923.

ACTION in equity, to reform a policy of insurance upon a bull. The policy by its express terms was for a term of 12 months, commencing at noon, standard time, of the 17th day of October, 1919, and ending at noon, standard time, of the 17th day of October, 1920. The policy was delivered to appellee by mail, October 21, 1919. The bull, which was the property of insured, died October 19, 1920. The policy contained a clause providing that it should not· go into effect until delivery, while the animal was alive, in good health, and entirely free from sick-

ness or injury. The court below reformed the policy so as to make the term commence at noon, October 20, 1919, and entered judgment thereon as reformed, for the value of the animal. From this judgment the defendant appeals.—*Reversed.*

*Tesdell & Mackaman* and *Stipp, Perry, Bannister & Starzinger,* for appellants.

*Vander Ploeg & Johnson,* for appellee.

STEVENS, J.—Recovery is prayed upon the policy only as reformed. The issue of reformation presented the only question for decision in the court below, and is the only matter argued in this court. Appellee does not claim that the policy, according to its terms, went into effect only upon delivery to him on October 21, 1919. He treats the dates written in the policy as controlling, in the absence of reformation. As stated, the policy provided:

1. INSURANCE: reformation of policy: mutual mistake: evidence.

"* * * that this insurance shall not be in force or effect until and unless * * * a policy delivered to me this animal is in good health and entirely free from sickness or injury, and alive."

Reformation is prayed upon the ground of "error or oversight" in fixing the commencement of the term: that is, in writing "October 17" instead of "October 21, 1919." The situation of the parties is quite the reverse of that ordinarily met with. The question has many times arisen where the animal died or the property upon which insurance was sought was destroyed after the application had been signed, but before the policy had been issued and delivered. In the case at bar, the animal died after the date fixed by the policy for its termination, and less than a year after it was delivered to the insured.

Appellant concedes that appellee paid a full annual premium upon the policy by check at the time the application was signed and delivered to its agent, and that he is entitled to insurance for twelve full months. Appellant, however, contends that, as the dates were written in the policy, the writing must be held to control the printed clause quoted above, and also contends that, by specific agreement, the liability of the company attached

immediately upon the expiration of a former policy covering the same animal, which was 12 o'clock noon, October 17, 1919. The application was, in fact, made out, signed, and delivered to appellant's agent at Toledo, Iowa, on October 16th, but was dated October 17th. The original application, which was offered in evidence, had written thereon the word "bound." The agent testified that he was a special agent; that appellee desired that the insurance take effect immediately upon the expiration of the old policy; and that the word "bound" was written on the application as a memorandum of this understanding; that he delivered it personally to the company at its office in the city of Des Moines on the 17th. A blank space on the application, when offered in evidence, had been filled out as follows:

"Number 22198.                              Amount 2000.
"Premium 160.  Accepted and written 10-17-19.  Expires 10-17-20.  Class.  Form G-2.  Date Mailed 10-20-19."

The appellant claims that this was done by the policy writer in the usual course, which would be after the application has been passed upon and accepted. Appellee denied that the word "bound" was written on the application at the time he signed it, or that there was any arrangement or agreement as to when the insurance should begin. This conflict in the evidence does not tend to affirmatively establish the essential facts of appellee's case. We are not attempting to construe the policy, nor is the question whether the term, as a matter of fact, commenced on October 21st, when the policy was delivered, or on October 17th, as provided on its face, before us for decision. We express no opinion as to that matter. The insured was clearly entitled to insurance for twelve months; but, unless he has made out a case for the reformation of the policy, we must treat the term as commencing on October 17, 1919, and no recovery can be had in this action. To entitle him to reformation, the evidence of mistake or oversight must be clear, convincing, and satisfactory. The question is different from what it would be if the animal had died after the application was signed, and delivered with the oral agreement that the insurance should commence at once, and before the policy was delivered. If that were the situation, a jury might readily find, upon the record before us, that appellant waived the provision in its policy quoted above, and

might return a verdict for the plaintiff.  Appellant, of course, concedes in this case that the provision was waived, and that the insurance became effective upon the expiration of the prior policy.  If the application was signed and delivered by appellee with the express understanding and agreement that the insurance was to begin at once, there was a clear waiver by the company.  The agent was a special agent, and, according to the evidence, delivered the application to the company personally, in order that the term might commence on the 17th.  It seems to us that the greater weight of the evidence favors the contention of appellant.  It appears to have applied for reinsurance upon the theory that the policy became effective October 17th, and appellee so treated it by making a new application in 1920, in response to a letter from appellant's agent, stating that the policy expired October 17th.  The application was not received by appellant until after the death of the animal, and hence no new policy was written.

2. INSURANCE: construction of policy: waiver.

The evidence wholly fails to show that the time fixed for the commencement and expiration of the term as stated was written in the policy by mistake or oversight.

But appellee further argues that, as he paid for and was entitled to insurance for twelve months, a fraud was perpetrated upon him by attemping to make the same commence October 17th, when, in fact, the insurance was not effective until the 21st, and that reformation should be awarded upon this ground.  If he is correct in this contention, appellant was charging him a full premium for less than one year's insurance.  The difficulty with this contention is that the weight of the evidence tends to show that the insurance was to become effective immediately upon the expiration of the old policy.  This made it effective for the full period for which premium was paid, and if we were to hold otherwise, the term would be extended for more than one year.

Some contention is made by appellee that, as the copy of the application attached to the policy did not contain the word "bound," therefore Section 1741 of the Code is applicable.  This section clearly refers to representations by the insured.  The writing on

3. INSURANCE: application: failure to attach copy.

the original application, if placed there at the time or before it was signed, was a mere memorandum, showing an obligation on the part of the insurer; and the statute referred to has no application.

We are unable to find any warrant in the record for reforming the policy. This being true, the decree of the court below must be reversed. It is so ordered.—*Reversed.*

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.