HENRY HILL, Appellee, v. CITY OF WINTERSET, Appellant.

**NUISANCE:** Actions for Damages—Evidence. Evidence that a nuisance
1 was a ''health hazard'' is fairly justified by a pleading that plaintiff and his family were, by reason of the nuisance, subject to ''offensive, obnoxious, and poisonous odors * * * and detrimental to the comfort, use, and enjoyment of their property.''

**APPEAL AND ERROR:** Harmless Error—Reception of Immaterial Evi-
2 dence. In an action for damages consequent on a nuisance, evidence to the effect that a septic tank has the power to destroy disease germs reviewed, and, in view of the record, held immaterial, but nonprejudicial.

**TRIAL:** Submission—Nonspecific Withdrawal of Counts. The submis-
3 sion of one count of a petition may, in effect, work a withdrawal of all other counts.

**LIMITATION OF ACTIONS:** Injury to Relative Rights—Nuisance. An
4 action for damages consequent on a nuisance is not an action for injury to ''relative rights,'' and is not, therefore, barred in two years.

Headnote 1: 28 Cyc. p. 1480. Headnote 2: 4 C. J. p. 969. **Headnote** 3: 38 Cyc. p. 1627 (Anno.) **Headnote** 4: 29 Cyc. p. 1261.

**Headnote 1:** 20 R. C. L. 463.

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

## JULY 1, 1927.

Action to recover damages resulting from the maintenance of an alleged nuisance in a public street of the defendant city. The jury returned a verdict in behalf of the plaintiff, and the defendant appeals.—*Affirmed.*

*S. A. Hays* and *J. E. Tidrick,* for appellant.

*Leo C. Percival* and *Phil R. Wilkinson,* for appellee.

FAVILLE, J.—The appellee is the owner of certain real estate in the appellant city, which premises are occupied by the appellee as a homestead. It appears that, in 1923, the appellant placed a storm sewer along the public street adjacent to appellee's property, and caused same to discharge into an open ditch or natural watercourse near appellee's premises. It also appears that, after the construction of said storm sewer, various citizens of said city connected drains from cellars, septic tanks, and cesspools, with said storm sewer, and that the discharge from said sewer near appellee's premises became obnoxious and offensive.

I. Appellant contends that there was reversible error in the admission of certain testimony. A sanitary engineer and a physician were permitted to testify to the effect that a ditch in

1. NUISANCE: actions for damages: evidence.

the condition of the one in question would be a "health hazard." The objection to this testimony was that it was the conclusion of the witness, was immaterial, and that "the evidence in this case shows that the sole claim made is upon the odors." The petition alleged that the manner in which the ditch was maintained, subjected the appellee and his family to "offensive, obnoxious, and *poisonous* odors generated from the sewerage in said open ditch, thereby causing a nuisance in Filmore Street, and detrimental to the comfort, use, and enjoyment of their home."

Our statute, Section 12395, Code of 1924, is as follows:

"Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as

essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof.''

Section 12396 is, in part, as follows:

"The following are nuisances: * * *

"2. The causing or suffering any offal, filth, or noisome substance to be collected or to remain in any place to the prejudice of others."

The allegations of the petition, taken as a whole, we think are sufficiently broad to permit the introduction of the testimony, and that there was no reversible error at this point.

II. Appellant also complains because of the admission of the evidence of a nurse, to the effect that a septic tank has the power to purify disease germs that pass through it, such as the disease germs of typhoid fever and scarlet fever. The question soliciting this evidence was objected to as "incompetent, irrelevant, and immaterial, no sufficient foundation laid, the witness not competent to testify." The foundation was clearly laid, and the competency of the witness was established; so the only question involved at this point is whether the general objection that the evidence was incompetent, irrelevant, and immaterial can be made the basis of reversible error. Specific objections cannot be urged under the general objection that evidence is "incompetent, irrelevant, and immaterial." State v. Madden, 170 Iowa 230, and cases cited; In re Estate of Hoyt, 180 Iowa 1250–1260. There was no evidence in the record to the effect that the sewage in the ditch in question contained typhoid or scarlet fever germs. The court should have excluded the testimony of the witness with regard to the possibility of destroying such germs by the use of a septic tank, on the ground that the evidence was immaterial; but we think no prejudice resulted to the appellant by the admission of this testimony, even conceding that the objection lodged against it is sufficient to warrant consideration on appeal. There was no error at this point requiring interference on our part.

2. APPEAL AND ERROR: harmless error: reception of immaterial evidence.

III. The appellee pleaded in three counts, one charging negligence in the establishment and maintenance of the sewer as a nuisance. In a separate count the appellee alleged that the

construction of the sewer had caused the sewage to back up through the cellar drain into the appellee's cellar, and in the third count the appellee alleged that the said ditch had been negligently constructed, and because thereof had caused damages to the appellee. The court submitted to the jury the question of the existence of the alleged nuisance and the damages resulting therefrom. The court did not in specific terms withdraw from the consideration of the jury the matters alleged in Counts 2 and 3, but did in effect do so, and did submit to the jury only the claim of the appellee as made in Count 1 of his petition. There is no error at this point.

**3. TRIAL: submission: nonspecific withdrawal of counts.**

IV. Appellant contends that the damages complained of are for injury to relative rights, and that the action was barred, under Subdivision 3 of Section 11007 of the Code of 1924. The court did not err in holding, in effect, that the injuries complained of were not injuries to relative rights, and that the action was not barred in two years. See *O'Banion v. De Garmo*, 121 Iowa 139; *Chase v. City of Winterset*, 203 Iowa 1361. We find no error requiring reversal, and the judgment appealed from must be, and it is, affirmed.

**4. LIMITATION OF ACTIONS: injury to relative rights: nuisance.**

Motion to dismiss and to strike appellant's brief and argument, which were ordered submitted with the case, are both overruled.—*Affirmed.*

EVANS, C. J., and STEVENS, DE GRAFF, VERMILION, ALBERT, MORLING, and KINDIG, JJ., concur.