MYRTLE EGGERMONT, Appellant, v. CENTRAL SURETY AND INSURANCE CORPORATION, Appellee.

No. 46892.

November 12, 1946.

Rehearing Denied January 17, 1947.

A. D. Pugh, of Des Moines, for appellant.

C. D. Reed, of Des Moines, for appellee.

MULRONEY, J.—In Eggermont v. Central Sur. & Ins. Corp., 236 Iowa 197, 17 N. W. 2d 840, we held Mrs. Myrtle Eggermont could maintain an action in this state against the defendant, the insurer of the Dixie Greyhound Lines, based on injuries suffered while a passenger on the insured's motorbus in the state of Missouri; said injuries allegedly caused by the negligence of the motor carrier.

Now the trial has been had and the jury has returned a verdict for defendant. Mrs. Eggermont appeals to this court, contending, in fifteen separate divisions in her brief, that reversible error occurred in the trial below. The brief contains no assignment of errors as such but some of the various divisions assert error. We will pass upon the asserted errors, with, however some grouping of the duplicate and connected complaints. A statement of the facts is hardly needed for the issue was submitted to the jury, and defendant, armed with a favorable verdict, does not argue its motion for directed verdict should have been sustained. It will be enough to state that Mrs. Eggermont was a passenger in the Dixie bus which, on the afternoon of June 21, 1943, was traveling in a northerly direction on a two-lane paved highway near Cape Girardeau, Missouri. As the bus went down a grade toward a bridge a school bus traveling south stopped to let the Dixie bus pass over the bridge. A truck that was following the school bus also stopped, but, in stopping, the truck skidded somewhat to the left and the rear end of the truck struck the front of the Dixie bus. Plaintiff alleged that she suffered an injury to her back when the collision occurred.

I. Plaintiff asserts error in the trial court's striking a portion of her petition wherein she claimed a right of recovery for nonnegligent injury. The Missouri statute, section 5729,

Revised Statutes of Missouri, 1939, is quite plain. It requires the surety to make compensation "for injuries to persons and loss of or damage to property resulting from the negligent operation of such motor carrier * * *." See Eggermont v. Central Sur. & Ins. Corp., supra, for statute. The language of the statute calling for a posted liability-insurance policy providing for compensation to be paid for injuries to persons or property resulting from the negligent operation of the vehicle covered ends the argument. The trial court was right in its ruling. See, also, Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320.

II. The plaintiff pointed to a printed paragraph in the policy providing for "Coverage C—Medical Payments $—— each person." She claimed a right to recover the medical expense established by the evidence, or $233.92, as a contractual liability under the above clause. The policy shows that it was merely a blank clause in the policy that was not used. The policy stated that:

"If no premium charge is indicated in the premium space under Coverage A, B or C opposite any automobile described herein it shall mean no insurance is afforded for such coverage as respects such automobile."

A premium charge is indicated under coverage A (bodily injury) and under coverage B (property damage). None is indicated under coverage C, and since such coverage is not required by statute, no insurance was afforded for such coverage.

III. The plaintiff claims error with respect to an X-ray technician's testimony concerning X-ray picture exhibits, which pictures she had taken. No specific error is pointed out. We have examined the record of her testimony and can find no error of admission of testimony and no error in rejection of any of her testimony.

In the same division the plaintiff complains that her attorney was excluded by the doctor from the X-ray room when the pictures were taken. This, she asserts, was violative of Rule 132, Iowa Rules of Civil Procedure, providing: "The party examined may have any representative present throughout any such examination." It does not appear that the physical ex-

amination was under any order of court or made under any Rule. Moreover, it could hardly be contended the above Rule would compel the doctor to disrobe a female patient in her lawyer's presence.

IV. The complaint that one doctor's testimony interpreting X-ray photographs was incompetent because he was not shown to be qualified is met with a record of testimony showing proper qualifications as a physician in the general practice. Although he stated he was not an X-ray specialist, he did say he had had a course in college in X-ray reading and interpretation and the interpretation he gave of the exhibits was his own.

V. The trial court admitted a questionnaire which the claim agent of the Dixie Greyhound Lines had sent to her. The questionnaire had been filled out by the plaintiff and in it she made statements as to how the accident occurred, and concluded with the statement: "The driver tried to miss the truck but it kept sliding out in front of him. It wasn't his fault."

Since the questionnaire was mailed to her and no representative of the defendant or bus line was with her when she filled it out, plaintiff's argument that the statements were not "voluntary" and she was at a disadvantage is not convincing.

VI. A statement in the bus driver's deposition where he said, "He [the truck driver] told me that it was absolutely his fault in all ways. He said he started to stop to keep from hitting the object in front of him and when he did the back end of his truck slipped over into my bus," was admitted in evidence over the plaintiff's objection and motion that it be excluded on the ground that the statement was a conclusion. Counsel for defendant argues that the statement was admissible as a part of the res gestae. Plaintiff argues that it was not a part of the res gestae. There might be serious doubt as to the admissibility of the statement as a part of the res gestae. It is a universally recognized rule that statements of a participant in an accident, though he is not a party litigant, are admissible as part of the res gestae if the other requirements of the res gestae rule are met. 32 C. J. S. 24, section 410; Sparks Bus Line v. Spears, 276 Ky. 600, 124 S. W. 2d 1031. But it is doubtful here if the

other requirements were met. There was no testimony as to the time that elapsed between the collision and the making of the statement. The bus driver testified the impact of the bus and truck was so slight as to be hardly noticed; that he inspected the truck after the accident and found ''no damage to it, none at all.'' And he estimated the damage to the bus at $10. We question whether there was a sufficient showing that the statement was a spontaneous and contemporaneous utterance within the res gestae rule but we do not need to decide the question for there was no objection on the ground the statement was hearsay. The only objection was that it was a conclusion. It was not subject to that objection and the trial court rightly overruled it.

▉ VII. In plaintiff's exceptions to instructions made before they were read to the jury complaint was made to instruction 7. This instruction told the jury the bus line was not an insurer of the absolute safety of passengers. The complaint is not that the instruction was erroneous but its isolated position in the set of instructions emphasizes the bus line's nonliability as an insurer. The complaint is tenuous.

▉ The remaining errors asserted involved alleged errors in instructions which were not included in plaintiff's objections to the instructions when the copy of the instructions was submitted to plaintiff before they were read to the jury. Such alleged errors were waived. Rule 196, Iowa Rules of Civil Procedure.

Finding no reversible error, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.