LESLIE HUNT, appellant, v. FRED E. BRENEMAN, appellee.

No. 47762.

(Reported in 45 N.W.2d 138)

DECEMBER 12, 1950.

John D. Randall, Richard F. Nazette and M. F. Mitvalsky, all of Cedar Rapids, for appellant.

Simmons, Perrine, Albright, Ellwood & Neff, of Cedar Rapids, for appellee.

SMITH, J.—The principal contention presented here is that the court in its instructions overemphasized "the defense with

respect to the plaintiff having moved himself into a position of danger." That is the language of plaintiff's objection to instruction No. 7. The objection adds: "And, that the said defense has been heretofore covered in instruction No. 5, and also in instruction No. 6, and that by the giving of instruction No. 7 the defense * * * is so overemphasized as to place an undue burden upon the plaintiff."

The facts, so far as pertinent to this contention, are quite simple and in no essential disagreement. Plaintiff was dump foreman at the city dump. He says his duty was "to tell the trucks where to dump and to back them up to the edge of the bank." On the morning of the accident a city truck became stuck and had to be pulled out. Defendant was conveniently present with his Chevrolet ton and a half truck, having just dumped a load of rubbish.

Someone produced a chain from plaintiff's shack and it was hooked to the front of the city truck and the back end of defendant's. Plaintiff testifies:

"When I noticed that the chain was hooked, I stepped back and stood there until they made a pull on the truck. * * * the chain unhooked from the stalled truck. When Mr. Breneman stopped his truck the chain happened to be right even with me, and I picked up the end of the chain and stepped to one side and motioned him to back up, and then I got him back within three or four feet of this stalled truck and I told him to hold it. I just stepped over and was ready to throw the chain around the axle, when all at once, that is the last thing I remember. * * * I hadn't got down, or any more than stooped over when the truck struck me."

The vehicles were on an incline, the city truck behind and below defendant's. There were several people present—plaintiff says "quite a number of people around there * * * hollering about it." The evidence is in some conflict as to details not material here. There is dispute as to who if anyone gave defendant the order to go ahead while plaintiff was in the position of danger and as to whether he accidentally shifted into reverse.

Defendant says:

"Mr. Hunt signaled me to go ahead, and after the second hitch came loose Mr. Hunt motioned for me to back up * * * real close to the city truck. I put it in super low and sat there watching for a signal to go ahead and was looking through the rear glass. I couldn't see anybody, but I heard somebody that sounded like Mr. Hunt holler to go ahead and I started ahead and was changing my foot from the brake over to the foot feed and my truck rolled back a little bit and when it caught it went ahead. Somebody hollered 'there is a man hurt' and I stopped and set my brakes, and got out and went around to see what happened." Again he says: "The voice I heard giving signals to go ahead the last time was the same voice I had heard when Mr. Hunt was giving the previous signals out there."

There is of course much testimony of other witnesses but there is no occasion to set it out in greater detail. The jury returned a verdict for defendant and from the resulting judgment plaintiff appeals.

I. By motion for new trial plaintiff urged that instruction No. 7 "overemphasized a portion of the defense which was not in the evidence, either directly or by any fair inference." This injected an objection to the instruction not theretofore urged. Under rule 196, Rules of Civil Procedure, it is provided that after the instructions are submitted to counsel before they are read to the jury and written objections thereto have been filed *"no other grounds or objections shall be asserted thereafter, or considered on appeal."* See Eggermont v. Central Sur. & Ins. Corp., 238 Iowa 28, 33, 24 N.W.2d 809; Taylor v. Kral, 238 Iowa 1018, 1030, 29 N.W.2d 241; In re Will Contest of Soderland, 239 Iowa 569, 583, 30 N.W.2d 128.

II. Instruction No. 7 told the jury:

"If you find that immediately prior to the time defendant's truck rolled backward a signal, of which plaintiff was aware, was given to the defendant to move his truck ahead, and that following such signal plaintiff, without assuring himself that defendant knew of plaintiff's intention, placed himself between said vehicles, you will consider whether such conduct on the part of the plaintiff was negligence contributing to his injury. You will in this respect consider whether plaintiff was under any duty

to consider whether defendant's truck was likely to roll backward at that time and place and you will consider all other facts and circumstances shown in evidence."

We are not required to pass upon the form of this instruction, or its accuracy as a proposition of abstract law.

It is clearly given as bearing on the issue of plaintiff's freedom from contributory negligence, which is explained in instruction No. 8. Plaintiff's objection refers to the instruction as overemphasizing "a defense." There was no special defense pleaded. Plaintiff's conduct, referred to in the instruction, was, if proven, material as bearing on the issue of plaintiff's freedom from contributory negligence. Plaintiff contends the subject matter of No. 7 had already been covered in instructions 5 and 6. But these had no reference to the contributory-negligence issue.

The court submitted two specifications of negligence charged against defendant: (1) In moving his vehicle from a stopped position without assuring himself that the way was clear; and (2) in not having his vehicle under proper control at the time and place of the accident.

Instruction No. 5 was given in connection with the first. By it the jury was told that in determining whether defendant backed his car from a stopped position without assuring himself the way was clear they were to decide whether defendant knew, or as a reasonably prudent person should have known, that plaintiff was in a position of peril and likely to be injured by the movement. Various matters are mentioned to be considered, among them "the fact if, and only if, you find it to be a fact, that certain signals were given to defendant by plaintiff or others, whether plaintiff moved into a position of danger, and all other facts and circumstances shown in evidence."

Instruction No. 6 related to the second specification—the matter of control. After directing the jury to consider "whether defendant had his truck under such control as a reasonably prudent person would have, taking into consideration the surrounding circumstances * * *" including various matters, among them "what if any commands or oral exhortations or advice were given the defendant or others; whether or not plaintiff put himself

between these two trucks unexpectedly; and all other facts and circumstances you may find to be proven", the instruction concludes: "therefrom you will decide whether defendant did or did not act as an ordinarily careful person would, and so whether he was not or was guilty of negligence in his control of the truck."

Instructions 5 and 6 were not objected to either as to form or content. They related the matter of signals and plaintiff's movements to the issue of defendant's alleged moving of his truck without knowing the way was clear and his alleged failure to have it under control. They did not treat of the subject of contributory negligence. Manifestly that had to be done in separate instruction or instructions. Manifestly too, plaintiff's movements and possible knowledge of signals constituted the very essence of the question of his possible contributory negligence. Assuming it to be justified by the evidence, as we must under the record, the instruction (No. 7) was entirely proper, if not in fact necessary.

Nor do we find that the jury was misled. The context of the three instructions quite clearly reveals the purpose of the three references. We hardly think the jury would get the impression that the trial court was doing more than pointing out to them the relation of the fact *("if, and only if, you find it to be a fact")* to the issue of contributory negligence of plaintiff as well as to that of defendant's negligence.

There is some intimation in his comments when denying the motion for new trial that the trial judge may not have agreed with the verdict, but he did not deem it such "an evident miscarriage of justice" as to justify exercise of his discretion by setting it aside. We can hardly say, under the record, that he abused his discretion by not exercising it.

Precedents are of little value here. We find none in either brief factually in point. The principle enunciated in those relied on by plaintiff is of course sound. But when is an issue, theory or defense made unduly prominent? Plaintiff cites 64 C. J., Trial, section 601, page 689. On that and preceding and succeeding pages there are literally hundreds of cases cited to the abstract proposition in varying aspects. After all, each case must stand or fall on its own record.

We have carefully considered No. 7 in connection with the instructions as a whole and find no basis for reversal. The decision of the trial court is accordingly affirmed.—Affirmed.

All JUSTICES concur.