A. IVAN PELTER et al., appellants, v. CLAUDE SPRING and SPRING BROS., a copartnership, appellees.

No. 47883.

(Reported in 49 N.W.2d 478)

OCTOBER 16, 1951.

Camp & Harsh and Thomas E. Mullin, all of Creston, and E. W. Mullin, of Corning, for appellants.

Lee R. Watts, of Corning, for appellees.

MULRONEY, J.—Ivan Pelter's automobile collided with defendants' truck as the truck, traveling ahead of the car, made a left turn into a driveway. Pelter and his collision insurer, which paid all but $100 of the car repair bill, sued the truck owner for damages for personal injuries and damages to the car. The jury returned a verdict for defendants and plaintiffs appeal asserting the trial court erred in giving instruction No. 10. This instruction was the assured-clear-distance-ahead rule (section 321.285, Code, 1950) and it told the jury in effect that if they found Pelter violated the rule and the violation contributed to his injury then he would be guilty of contributory negligence which would bar his recovery. The exception to the instruction does not question sufficiency of the instruction but asserts "the evidence in this case does not warrant an instruction of this nature * * *."

The accident occurred about 9 a.m. on December 20, 1947, on highway 34 about six miles east of Corning. It was a foggy morning and the pavement was somewhat slippery from frost. Plaintiff's version is that he was following the truck, traveling in an easterly direction, waiting for an opportunity to pass. When he noticed the truck slow down and pull off a little on the south shoulder he thought the truck was going to stop so he started to pass the truck and suddenly the truck made a left turn across the highway and into a farm driveway on the north side of the road. Plaintiff tried to get around the truck on the right side but his car collided with the rear end of the truck. Plaintiff said he sounded his horn as he started to pass and that he did not see any left-turn signal given by the truck driver.

The defendants' version of the accident is quite different. He said it was foggy but he had visibility for about 300 feet; that he was traveling about 25 or 30 miles an hour and as he approached the driveway he slowed down. He looked behind in his rearview mirror when he was 125 feet from the driveway and again when he was 50 feet from the driveway, but did not see the

Pelter car. There is some indication that in an earlier written statement (not a part of the record here) the truck driver had said he saw the automobile 300 feet behind him. He said he gave the left-turn hand signal for probably 150 feet before he turned into the driveway. The truck was 22 feet long and the truck driver said the rear end of the truck was only 7 feet from the north edge of the pavement when the collision occurred. The damage to the truck consisted of a broken back spring, spare tire carrier and taillight.

Pelter said that he was going about 25 or 30 miles per hour when he started to pass the truck. The trucker said he talked with Pelter after the accident and the latter said "he was driving pretty fast and wanted to get home for Christmas." The speed evidence, as in most such cases, is very indefinite. Pelter at one place said his speed might have been as low as 15 miles when he saw the truck slow up and that he was 50 feet or less from the truck when it started to turn. The smashed front end of Pelter's car, necessitating a repair bill of $788.81, is some evidence that Pelter was not driving very slowly at the time of the collision.

We think under the whole record the court was correct in giving an instruction as to the rule of assured clear distance ahead. It is established by all of the testimony that visibility was reduced by the fog. Defendants' theory was that Pelter came out of the fog traveling too fast and crashed into the rear of the truck after the truck had started, and about half completed, the left turn. There being some evidence to support defendants' theory, the assured-clear-distance or speed instruction was warranted. The single authority cited in appellants' brief, Monen v. Jewel Tea Co., 227 Iowa 547, 551, 288 N.W. 637, 639, is readily distinguishable. In that case (a "passing" collision) we held the trial court was right in not instructing as to the assured clear distance but we pointed out that under all of the evidence the two drivers were traveling side by side at the time or immediately before the one turned left and the collision occurred. We specifically pointed out in the opinion: "Defendants do not claim that plaintiff's car was driven into the rear of the truck."

That is the claim and theory of defendants in this case. We hold the giving of instruction No. 10 was not error. Plain-

tiffs assign other instruction errors but the objections were not made until the motion for new trial, filed after verdict. The objections were waived. Rule 196, Rules of Civil Procedure; Eggermont v. Central Sur. & Ins. Corp., 238 Iowa 28, 24 N.W.2d 809.

The judgment is affirmed.—Affirmed.

All JUSTICES concur.