CHARLES CURD, Appellee, v. H. L. WISSER, Executor of the Will of Anna P. Curd, Appellant.

**Estates of Decedents:** CLAIM AGAINST ESTATE: EVIDENCE. In an action to establish a note against the estate of decedent, there was evidence tending to show that the note was written on a single sheet of paper, that it was executed by deceased, the mother of plaintiff and her husband, and delivered to a third person for plaintiff's use, but afterwards, on plaintiff's order, was delivered to his father, and while in his possession the signatures were severed from the body of the note, the several parts being left in the desk where the same was kept. *Held* sufficient to support a verdict for plaintiff.

**Communications With Deceased:** EVIDENCE: ADMISSIBILITY. In an action to establish a note as a claim against an estate, evidence by a joint maker that deceased signed the note is inadmissible, under Code, section 4604, though when stricken out is harmless, but evidence that the payee ordered delivery of the note to the surviving joint maker and that it was afterwards in his possession is admissible.

**Evidence:** ADMISSIBILITY. In defense to an action to establish a note as a claim against an estate, the executor testified that when the note was presented claimant stated that he had personal property belonging to deceased which he would turn over if the note was allowed, if not he should keep it, was properly stricken out as tending to inject a new issue.

*Appeal from Audubon District Court.*—HON. A. B. THOR- NELL, Judge.

THURSDAY, MAY 28, 1903.

PETITION for allowance of claim against the estate of the testatrix. Trial to jury. Verdict for plaintiff, and defendant appeals.—*Affirmed.*

*George F. Knapp, S. G. Van Auken* and *Cossan & Ross* for appellant.

*J. M. Graham, W. C. Elliott* and *W. R. Copeland* for appellee.

WEAVER, J.—Annie P. Curd died without issue, leaving her husband, M. L. Curd, surviving. The appellee is a son of M. L. Curd by a former marriage. The claim is based upon a writing alleged to have been made in the following words: "Exira, Iowa, Sept. 14, 1895. Upon the death of Annie P. Curd and M. L. Curd the makers hereof, we, or either of us, promise to pay to Charles Curd the sum of twelve hundred ($1,200) dollars, without interest. If transferred before maturity this note is void. Annie P. Curd. M. L. Curd." The body of the writing introduced in evidence is found upon one piece of paper, and the signature upon another, but plaintiff contends these pieces were originally joined in a single sheet; that the signatures were subscribed to the note, but have since that time been severed by the unauthorized act of some person unknown. The defendant denies that such a note was ever executed or existed, denies that the name Annie P. Curd there appearing is the genuine signature of the deceased, and alleges that, if such note ever existed, it has been fully paid and discharged.

I. Appellant's first proposition is that the evidence is insufficient to justify a finding for the plaintiff. Without attempting to set out the testimony of the witnesses,

1. CLAIM against estate: evidence. it must be admitted that there is much in the record to raise grave doubt in the mind of the average reader concerning the good faith and validity of the claim. As is too often the case in family controversies over the estates of the dead, there is manifest a bitterness of feeling among the parties, which, to say the least, is not conducive to a candid and unbiased disclosure of all the facts. Under such circumstances it is rarely possible to reach a conclusion which is altogether satisfactory, and the verdict of twelve disinterested jurors upon the facts in question is to be given peculiar weight. They have the witnesses before them, and can observe the symptoms of partisanship, vindictiveness, and evasion, as well as evi-

dences, if any, of frankness and fairness, and can estimate the weight and value of their testimony more correctly than is possible from a mere reading of the printed report. There is evidence here from which, if credited by the jury, it might be found that these two pieces of paper were originally one sheet, the signatures being subscribed thereon to the written promise to pay; that said note was signed by the testatrix in her lifetime, and delivery made by placing the same in the hands of a third person for plaintiff's use; that thereafter, on plaintiff's order, said note was delivered to M. L. Curd, to be held for the plaintiff, a d while in his possession, or in the house occupied by him and the testatrix, the signatures were cut from the body of the note by some person unknown, the several parts being left in a desk or stand where the instrument had been kept. Except the fact of the mutilation of the note and its possession by M. L. Curd, who was a joint maker, there was no evidence that it had been paid. In view of this evidence, it cannot be said that the verdict is without sufficient support in the record.

II. The plaintiff, Charles Curd, and his father, M. L. Curd, testified as witnesses upon the trial in the district court. Objection was duly made to the competency *2. COMMUNICA-* of these witnesses under the statute (Code, *TIONS with* *deceased;* section 4604) as being interested parties. The *evidence:* *admissibility.* father was permitted to testify that he remembered giving the note, and added that Mrs. Curd signed it. This was manifest error, but immediately after the answer was made the court ordered it stricken out, and we are inclined to the view that this order must be held to have removed any prejudice which might otherwise be presumed to have resulted from the ruling. Charles Curd further testified to having given his father an order to obtain the note from the party having it in keeping; and further stated that he afterward saw it in his father's possession. The father also gave testimony of

the same nature.    Under the interpretation which the
court has placed upon the statute, the admission of this
testimony was not erroneous.    *Gable v. Hainer*, 83 Iowa,
457; *Dysart v. Furrow*, 90 Iowa, 59; *McElhenney v. Hen-
dricks*, 82 Iowa, 657; *Walkley v. Clarke*, 107 Iowa, 451.
The writer is inclined to the view that our decisions have
gone to the extreme limit of liberality in this respect, but
the rule of the cited cases has been so long and so fre-
quently followed it must be regarded the settled policy of
our law until changed by legislative enactment.    The
question has been so often reviewed by the court, and the
ground covered by the arguments of counsel so often ex-
amined and re-examined, it would be unprofitable to
renew the discussion at this time.    It is sufficient to say
that, in our view, the matters to which these witnesses
testified do not constitute "personal transactions" or
"personal communications" within the meaning of the
statute, as we have construed it.

    III.    The executor was offered as a witness for the
defense, and testified that plaintiff presented the note to
him for allowance, and at the same time said that, if the
claim should be allowed, he had in his pos-
session a large amount of personal property
which would be turned over as belonging to the estate of
Mrs. Curd; but that, if allowance was refused, he should
keep the property as his own. This testimony was stricken
out as immaterial, and error is assigned upon the ruling.
While, perhaps, there would have been no error in per-
mitting the answers to stand, the matter stated had no
such direct relation to or bearing upon the issues being
tried that its exclusion can be held prejudicial.    It had a
distinct tendency to open a collateral issue concerning the
ownership of the personal property referred to, and might
have proved confusing and misleading to the jury.    Other
rulings of the trial court to which objections are made
appear to be in harmony with the law as stated in this

*3. Evidence: admissibility.*

opinion. No question is raised whether the note is in fact due according to its terms, or as to the amount of the allowance if the obligation be found valid.

The judgment below is AFFIRMED.