FRED B. PETERSON, Appellee, v. ROY BONNES, Appellant.

No. 45532.

SEPTEMBER 16, 1941.

Dickason & Stowe, for appellee.

Reed & Beers and Kimball, Peterson, Smith & Peterson, for appellant.

SAGER, J.—On August 25, 1939, appellee, a farmer fifty years old, was riding a bicycle southward in the east track beaten into a dirt highway by passing traffic. This track was two feet wide, distant about five to eight feet east from the center of the road. · The bicycle was in good order but without lamps or reflector. Appellee was carrying on the handlebar a half-gallon tin pail which, he testified, made no noise. The road was dry, the day clear and the jury could have found, not yet dark. Appellee was proceeding at what he termed a medium gait.

Immediately before the accident appellee heard a noise behind him as of brakes being applied. He turned his head to see what made the noise and got a glimpse of appellant's automobile. Instantly he was struck. The jury could have found that the headlights of the car were not lit and that no horn or other signalling device was sounded. Whether the jury could have found that the appellee in his startled condition turned his bicycle in the direction of the automobile or whether in an attempt to avoid collision wavered in front of the car, we do not attempt to decide. The car tipped over on its right side falling upon the plaintiff, inflicting grievous injuries. Appellant was a director of the Underwood school and at the time of the accident the superintendent of that school was with him. Their mission was to determine whether to change a school bus route.

Appellant testified that he was driving his car about thirty to thirty-five miles per hour; that when at a distance of about 150 feet, he saw an object in the road; and that coming to within about 100 feet of the object, he saw that it was a man on a bicycle. Appellant's testimony is that he then honked the horn and slowed down to twenty miles an hour, continuing his course as if to pass within three feet of the east side of the road. Appellant's version of what then happened is as follows:

" * * * when we got within about eight or ten feet of the bicycle—he had gone over about—a little past the center of the road and all at once it seemed like he kind of tipped over or turned real quick and lost control of the thing and got right straight crossways of the road."

As above stated the car fell on the appellee, his bicycle was thrown several feet ahead and the frame was bent so that the front and rear parts were telescoped.

Appellant's first complaint is to the giving of instruction No. 9 which submitted as a ground of negligence, the failure to keep proper lookout. This is challenged "for the reason that there is no competent evidence which would warrant the court in submitting said ground of negligence to the jury and said instruction permits the jury to base its verdict upon conjecture and surmise." Notwithstanding appellant's description of his movements just before the accident, the jury could well

have found that had he been attentive to what was before him (keeping a proper lookout) he would have avoided hitting appellee. As has been said the jury could have found it was not yet dark. They could have found, too, that there was an unobstructed view for about 500 feet to the place of the accident. One of appellee's witnesses testified:

"On the way to the doctor's, he [Bonnes] said he saw somebody in the road on a bicycle * * * and ran over him. He said he came over that hill and *just* saw him but *not in time to miss him.* He turned out to miss him, put on his brakes and upset." (Italics ours.)

Under such a record the trial court was right in submitting the question of lookout to the jury. Hartman v. Lee, 223 Iowa 32, 272 N. W. 140; Pazen v. Des Moines Transportation Co., 223 Iowa 23, 272 N. W. 126; Rebmann v. Heesch, 227 Iowa 566, 288 N. W. 695; and Luther v. Jones, 220 Iowa 95, 261 N. W. 817, cited by the parties, have been examined and do not call for a different result.

Appellant next complains of instruction No. 11 as misleading and confusing. This is based upon the fact that the court used the word "plaintiff" where it intended to say "defendant." This is so obviously an inadvertence that no prejudice could possibly result therefrom.

Appellant's third complaint is that the court erred in giving instruction No. 12 in this particular:

"As the defendant approached with the purpose of passing said bicycle, it became his duty to have given to the plaintiff an audible signal such as the law requires, and that upon such signal being given it became the duty of the plaintiff to have yielded to the defendant the right of way."

And in the further statement in that instruction:

"If you should find from the evidence that such signal was not in fact given, then you will be warranted in finding that the defendant was negligent in such particular."

It may be conceded that the statute imposes no duty upon

the overtaking driver to give signals. Section 5024.03, Code 1939, provides:

"Overtaking a vehicle. The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules ·hereinafter stated:

" * * * Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

Appellant is in no position to take advantage of this error because it was not called to the attention of the court below. It cannot be raised for the first time here. Section 11495, Code 1939; Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638; Whitmore v. Herrick, 205 Iowa 621, 218 N. W. 334; Conner v. Henry, 205 Iowa 95, 215 N. W. 506.

Appellant's fourth and fifth complaints present in different form the question just considered. They need no attention.

■ Appellant argues that there was error on the part of the court in failing to direct a verdict in his favor for the reason that the physical and uncontroverted facts show that he was not guilty of negligence and that appellee was guilty of such negligence. We have been unable to read the record to that conclusion. The trial court and the jury were in at least as good a position as is this court to determine how and why this accident occurred; and we see no reason why, under the facts disclosed, we should substitute our judgment for theirs.

Other assignments of error have been considered and found to be without merit.

Finding no error the case is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.