M. M. MEREDITH, Administrator, Appellant, v. R. W. COCKSHOOT et ux., Appellees.

No. 46580.

NOVEMBER 14, 1944.

Dalton & Dalton, of Atlantic, for appellant.

E. S. Holton, of Atlantic, for appellees.

WENNERSTRUM, J.—Plaintiff, the administrator with will annexed of the estate of Anna K. Meredith, deceased, brought a law action on a promissory note against the defendants. At the conclusion of all the testimony Thera Brown Cockshoot was dismissed as one of the defendants by the trial court on the ground that there had been a material alteration of the note after she signed it. Thereafter the cause was submitted to the jury as to the liability of the remaining defendant, R. W. Cockshoot. The jury found for the defendant and the plaintiff has appealed from the judgment entered against him for costs.

The appellees in their original answer admit in substance

the execution of the note sued on. The appellee Thera Brown Cockshoot, in a separate answer, definitely pleaded and admitted the execution and delivery of the note, but further alleged the note was materially altered by the obliterating of a conditional payment clause on it after it was signed by her. The appellee R. W. Cockshoot also pleaded that there had been a material alteration of the note after he signed it. The court submitted instructions relative to this contention. These appellees further pleaded in an amendment to their answer that the $2,000 represented by the alleged note was, at the time of the making of said note on January 6, 1936, a gift inter vivos to the minor children of the appellees, namely, Ralph W. Cockshoot, Jr. and Adele Brown Cockshoot, by reason of a contract as evidenced by a will claimed to have been executed on or about said date by Anna K. Meredith. It is further pleaded by the appellees that the note was delivered to Anna K. Meredith with the following words written on the face of it:

"Advancement as per paragraph 8 of will of Anna K. Meredith to be cancelled upon payment to guardian of Ralph W. Cockshoot, Jr., and Adele Brown Cockshoot of $2000."

It is further pleaded and alleged that R. W. Cockshoot was appointed guardian of the property of the two children, Ralph W. Cockshoot, Jr. and Adele Brown Cockshoot, and that R. W. Cockshoot paid the $2,000 referred to in the note to R. W. Cockshoot, guardian of appellees' children, in compliance with the gift inter vivos made by Anna K. Meredith to the children heretofore mentioned. The appellees in their answer referred to and pleaded a portion of an alleged will of Anna K. Meredith, and particularly paragraph 8 of this will, which was as follows:

"Unto Ralph W. Cockshoot, Jr., I do hereby will and bequeath the sum of one thousand dollars ($1,000) in money, the same to be his absolute property forever. This bequest is made for his education. I do hereby will and bequeath the sum of one thousand dollars ($1,000) in money to Adele Brown Cockshoot, the same to be her absolute property forever. This bequest is made for her education. I have advanced to Ralph W. Cockshoot, Sr., father of the two children named in this paragraph the two thousand dollars ($2,000) represented by

these two legacies which advancement is in the form of a note due and payable to me and which note draws interest at four per cent (4%) during my lifetime and which note will be cancelled by my executor upon the appointment of a guardian to receive these bequests."

The facts as disclosed by the evidence show that Anna K. Meredith, prior to her death, lived at Atlantic, Iowa; that her husband, who predeceased her, was a lawyer; that at the time of the making of the note sued on she was about seventy years of age; that the appellee R. W. Cockshoot had lived in the home of Anna K. Meredith during two different periods prior to his marriage. There is testimony to the effect that shortly before January 6, 1936, there was a conversation between R. W. Cockshoot and Anna K. Meredith. Mrs. Cockshoot stated she was present but took no part in the conversation and testified, relative to this incident, over objections that she was incompetent as a witness, in part, as follows:

"Mrs. Meredith said she was giving this money the same as she gave the money to the church; that she expected the interest to be paid during her lifetime, but there was no money to be paid back."

The appellee R. W. Cockshoot testified that he drew the note sued on in this pending action and signed the same; that he wrote on this note the statement and reference to paragraph 8 of the will of Anna K. Meredith. He further testified that at the time he prepared the note sued on he drafted the claimed instrument which purports to be a copy of a former will made by Mrs. Meredith. He identified the copy of the will, over the objection that his testimony was a self-serving declaration and that the witness was incompetent under section 11257 of the 1939 Code, commonly referred to as the dead man statute.

The appellee R. W. Cockshoot also testified that the note sued on was a renewal note and a mortgage was given to secure it. He further testified that he had promised to pay it or to make payments on it. There were also admitted in evidence two letters written by R. W. Cockshoot, one to Mrs. Meredith, in which he made the statement:

·"However, there is one matter I would like to discuss with you, and that is the matter of your mortgage of $2,000."

In this letter to Mrs. Meredith, R. W. Cockshoot suggested that the mortgage, which was security for the $2,000, be released and that a like amount in notes secured by a mortgage against a certain school building which he had purchased be substituted. In a letter to Owen F. Meredith, the appellee R. W. Cockshoot stated, in part: ·

"As to the larger note I had promised Mrs. Meredith' that when I got this larger loan I would pay her $300 on this note along with the interest to date. * * * I am writing this letter to let you know I am making every effort that I can to make these payments and just as soon as I have a larger loan or can spare anything from the law business I will pay as I have indicated above."

In connection with the claimed payment of the money to the guardian of the appellees' children, R. W. Cockshoot testified:

"I was appointed guardian of the children myself and I have turned the money over to them and I have given them a note and mortgage on my place over here which is worth about—what they have the mortgage on is worth about $10,000."

A witness who testified for the appellees stated that sometime during the winter of 1935 or 1936 she was called to the Meredith home to witness a paper and that Mrs. Meredith stated that it was her last will and testament.

In connection with the statement alleged to have been written on the face of the note sued on, and which is referred to in appellees' answer, the evidence shows that lines were drawn through the statement and a portion of it had been partially obliterated. The note in evidence discloses that underneath the typed part the following was written: "Erased·by R. W. Cockshoot." This last statement was in handwriting. In the direct examination of Mr. Cockshoot he was asked when the alteration that is shown on the note was made. To this inquiry he answered: "I do not know the date or even the year; but, my best judgment would be two or three years after it was

made.'' The appellee R. W. Cockshoot further testified that Anna K. Meredith and Owen F. Meredith were present at the time the alteration was made on the note and that it was done at the suggestion of Owen F. Meredith. The appellee R. W. Cockshoot further testified that in connection with this conversation Owen F. Meredith said: ''Ralph, you should keep the interest up on the note to Aunt Anna because you will never have to pay the principal and the rate of interest is low.'' The appellee further testified: ''I signed my name at this time on the alteration. I was not paid any money for making the alteration.''

Owen F. Meredith, as a witness for the appellant, testified that sometime in January 1936 he went to R. W. Cockshoot's office and got a note payable to Anna K. Meredith. He stated that the note sued upon was delivered to him at this time along with a mortgage on Cockshoot's home. This witness further testified as follows:

''Q. Now, at the time he handed you this note did it have this typewritten matter on the edge of the note? A. Yes, it had it on there. Q. What did you tell him that he would have to do before you would accept the note? A. Well, I told him that he would have to remove that typewriting or erase it, that I couldn't accept a note with that on it; that the former note was an unconditional note and this, the renewal of it, had to be unconditional, too. Q. How much was that former note? A. I think it was $2,000. Q. Was it due or past due? A. Oh yes; it was considerably past due. Q. Did Mr. Cockshoot erase this there in your presence? A. Yes. Q. Did he sign his name there in your presence? A. Yes, I directed him to do that and he did so.''

The witness Owen F. Meredith in his testimony denied that he at any time told Mr. Cockshoot that he would not have to pay the principal on the note.

The appellant, at the close of all the testimony, filed a motion for a directed verdict, which was overruled by the court, and subsequently filed a motion for judgment notwithstanding the verdict, which was also overruled. A motion for a new trial, as filed by the appellant, was likewise overruled.

It is the contention of the appellant that the trial court erred (1) in overruling appellant's motion for a directed verdict and in holding (a) that there was sufficient evidence to submit to the jury the question as to whether the note sued on, or the fund represented by it, was a completed gift to the two children of the appellees from Anna K. Meredith during her lifetime, and (b) the court erred in holding that there was sufficient evidence to submit to the jury the question as to whether the appellee R. W. Cockshoot had actually paid to the guardian of appellees' two children the principal sum of the money sued upon in this case so as to discharge him from liability upon the note in this action; and that the court further erred (2) in permitting the appellee Thera Brown Cockshoot to testify over the appellant's objection as to claimed conversations with Mrs. Meredith relative to said note, and further in permitting the appellee R. W. Cockshoot to testify to the same conversation and other conversations, inasmuch as said witnesses were incompetent under the dead man statute; and as a further alleged error on the part of the trial court it is stated that the trial court erred (3) in overruling appellant's motion for judgment notwithstanding the verdict because the answer of the appellees did not state facts sufficient to constitute a defense to appellant's petition and that the answers confess the appellant's cause of action; that the verdict returned in this cause for the appellees should be set aside and judgment entered for the appellant in accordance with his motion for a directed verdict; that the court erred (4) in overruling appellant's motion for a new trial because of the giving of a certain instruction; and that the court erred (5) in admitting in evidence the exhibit claimed to be a copy of a prior will of Anna K. Meredith for the reason that this exhibit is admittedly not the last will and testament of Anna K. Meredith and was wholly insufficient to establish a gift of the note to the children of the appellees.

■ I. The principal question that is involved in this appeal is whether the facts as presented by the evidence show a gift inter vivos. The court in its instructions advised the jury that the appellant was entitled to recover on the note sued on

unless the appellee had established by a preponderance or a greater weight of the evidence the defenses that he pleaded. The jury was further advised that the burden of proof was upon the appellee to show by the evidence that it was the intention of Anna K. Meredith that the note sued on was to be canceled and delivered to the appellee upon the death of Anna K. Meredith, upon the payment to the guardian of the children of Ralph W. Cockshoot of the amount of the note; that the delivery of the $2,000 note by Anna K. Meredith to the appellee R. W. Cockshoot was with the intention to pass and deliver the title to this note to the children of R. W. Cockshoot, the appellee. We are satisfied that under the record in this case the question as to the sufficiency of the evidence presented by the appellee was a matter for the jury. The very nature of the evidence presents the question whether or not there was an intention to make the gift, and further, whether there was a delivery of the gift. We do not feel that we can substitute our judgment of these facts for that of the jury, even though we might have reached a different conclusion if the matter had been submitted to us for our de novo consideration in an equity proceeding.

It should be kept in mind that the rules of law as to the sufficiency of proof in a case of this character are different in a law action from those in an equitable proceeding. In re Estate of Dolmage, 204 Iowa 231, 234, 237, 213 N. W. 380, and cases cited: In re Estate of Stratman, 231 Iowa 480, 487, 1 N. W. 2d 636. The authorities cited sustain the holding that in an equitable proceeding there must be clear, convincing, and satisfactory proof of a gift inter vivos, while in a law action it is sufficient if the jury is instructed that a finding of a gift inter vivos may be reached if there is a preponderance or a greater weight of the evidence to that effect. Under the record as presented we are satisfied that the court properly instructed the jury and that we cannot hold as a matter of law that the appellee did not present sufficient proof to justify the submission of the case to the jury.

Our comments herein made dispose of the first and third claimed errors as presented by the appellant.

II. The appellant asserts that Thera Brown Cock-

shoot was an incompetent witness by reason of Code section 11257. The record .shows without contradiction that Mrs. Cockshoot was not a party in the conversations between Anna K. Meredith and R. W. Cockshoot, the appellee. We have previously held, under like circumstances, that testimony of this character is admissible. In' re Estate of Green, 227 Iowa 702, 705, 288 N. W. 881; Gardner v. Marquis, 224 Iowa 458, 461, 462, 275 N. W. 493; In re Estate of Allis, 221 Iowa 918, 922, 267 N. W. 683; In re Will of Fish, 220 .Iowa 1247, 1249, 1251, 264 N. W. 123.

 It is further claimed that R. W. Cockshoot was an incompetent witness in connection with certain statements made by him at the time of his redirect examination. The court overruled an objection to his testimony. We find, as did the trial court, that the appellant's counsel had questioned the witness on cross-examination on the very matter that he would prevent this witness from giving further explanation. The appellant's counsel ''opened the door'' to a consideration of this particular matter and he cannot, under the guise of the claimed statutory incompetency of the witness, preclude him from giving his version of the particular incident. In re Estate of Morgan, 225 Iowa 746, 749, 281 N. W. 346.

 III. One of the claimed errors as presented by the appellant relates to the giving of a certain instruction. We do not find in the record any exceptions to the instructions or any definite and particular claimed error as to the instruction in the motion for a new trial. Under such a record we cannot give consideration on appeal to the claimed error. Peterson v. Bonnes, 230 Iowa 986, 990, 299 N. W. 895, and cases cited. We have, however, given consideration to the instruction and find that the burden was placed upon the appellee to prove his defenses in every respect. However, under the record as presented, we are not justified in giving further consideration to this matter.

 IV. It is further suggested that the court was in error in admitting in evidence the exhibit claimed to have been a copy of the will of Anna K. Meredith. This copy of a will was admitted in evidence in connection with the claimed ar-

rangement relative to the gift to the children of R. W. Cock-shoot, the appellee. There was no contention that this was the last will and testament but the exhibit was apparently admitted by reason of the claimed gift to the children. We find no error.

The record discloses some unusual circumstances. A court trying this case in equity might have reached a different conclusion than the jury did. However, we find no error in the submission of the questions presented by the pleadings and we are not disposed to substitute our judgment for the judgment of the jury on properly presented issues. We therefore affirm.—Affirmed.

MANTZ, C. J., and OLIVER, GARFIELD, MULRONEY, HALE, SMITH, and BLISS, JJ., concur.